```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANGELIA COOK, et al., )<br>)<br>    Defendants. )<br>) | Case No.<br>5:18-cv-210-JMH<br><br>**JUDGMENT AND ORDER OF SALE** |

\*\*\*

This matter having come before the Court upon the Plaintiff's Motion for Judgment and Order of Sale [DE 14] against the interests of the Defendants, Angelia Cook, the Unknown Spouse, if any, of Angelia Cook, Bluegrass Credit Corporation, the Commonwealth of Kentucky, and Capital One Bank (USA), N.A., in and to the real property which is subject to this action. The Court having considered the Motion, and being otherwise sufficiently advised, it is **ORDERED**, **ADJUDGED** and **DECREED** as follows:

    1) That the Plaintiff's Motion [DE 14] is **GRANTED.**

    2) That the Plaintiff, the United States of America, is hereby granted Judgment as follows:

        a) Default Judgment and Order of Sale is hereby entered against the interests of the Defendant, Angelia Cook, in and to the real property which is the subject of this action, in the principal sum of $150,400.74, with accrued interest of $10,887.55,

through February 21, 2018, together with escrow charges of $1,211.78, late charges of $149.73, and fees assessed of $1,193.03, for a total unpaid balance due of $163,842.83 as of February 21, 2018. Interest is accruing on the unpaid principal balance at the rate of $20.2432 per day after February 21, 2018, until the date of entry of Judgment, plus interest on the judgment amount at the rate of 2.67 percent per annum, until paid in full, plus cost, disbursements, attorney fees, and expenses.

      b) *In rem* Default Judgment and Order of Sale is hereby entered against Defendant, Unknown Spouse, if any, of Angelia Cook. The Defendant, Unknown Spouse, if any, of Angelia Cook, is hereby found to have an interest in the subject real property by virtue of being the spouse of Angelia Cook, the record title owner of the subject property. Said interest is inferior in rank and subordinate in priority to the first mortgage lien on the subject property in favor of the Plaintiff, United States of America.

      c) Default Judgment and Order of Sale is hereby entered against Defendant, Bluegrass Credit Corporation. The Defendant, Bluegrass, is hereby found to have an interest in the subject real property by virtue of a Notice of Judgment Lien recorded on November 7, 2011, in Lis Pendens Book 71, Page 260, in the Madison County Clerk's Office. Said interest is inferior in rank and subordinate in priority to the first mortgage lien on the subject property in favor of the Plaintiff, United States of America.

d) Default Judgment and Order of Sale is hereby entered against the defendant, the Commonwealth of Kentucky. The Defendant, the Commonwealth of Kentucky, is hereby found to have an interest in the subject real property by virtue of a Notice of Lien on Real Estate, recorded on September 6, 2012, in Lis Pendens Book 75, Page 533, in the Madison County Clerk's Office. Said interests are inferior in rank and subordinate in priority to the first mortgage lien on the subject property in favor of the Plaintiff, United States of America.

e) Default Judgment and Order of Sale is hereby entered against the defendant, Capital One Bank (USA), N.A. The Defendant, Capital One Bank (USA), N.A., is hereby found to have an interest in the subject real property by virtue of a Notice of Judgment Lien on Real Estate, recorded on April 15, 2013, in Lis Pendens Book 77, Page 657, in the Madison County Clerk's Office. Said interest is inferior in rank and subordinate in priority to the first mortgage lien on the subject property in favor of the Plaintiff, United States of America.

3) That federal liens attach to the real property which is the subject of this action, the same being located in Madison County, Kentucky, and more particularly described as follows (hereinafter the "Property"):

> Being Lot 54 of Bush Bottom Estates, Phase I, a Plat of which is recorded in Plat Cabinet 13, Slide 194, in the

>Madison County Clerk's office, reference to which is hereby made for a more particular description.
>
>Being the same property conveyed to ANGELIA COOK, a single person, by deed dated June 30, 2010 of record in Deed Book 658, page 598, in the Madison County Court Clerk's Office.

4) That the federal lien attaching to the Property shall be foreclosed and the property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and that the Property shall be sold free and clear of all liens, claims, and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Property, municipal utility and/or maintenance liens, and any city, county, state, or school ad valorem taxes which may be due and payable or assessed against the Property at the time of the sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Property at the foreclosure sale.

5) That in accordance with the foregoing paragraph, the following liens, to the extent that they affect the Property, shall be deemed to be released upon entry herein of the Court's order confirming the foreclosure sale of the Property as more fully set forth below:

   a) Mortgage in favor of the United States Department of Agriculture, Rural Housing Service, recorded July 13, 2010, in

Mortgage Book M1351, Page 615, in the Madison County Clerk's Office.

    b) Notice of Judgment Lien in favor of Bluegrass Credit Corporation recorded November 7, 2011, in Lis Pendens Book 71, Page 260, in the Madison County Clerk's Office.

    c) Notice of Lien in favor of the Commonwealth of Kentucky recorded September 6, 2012, in Lis Pendens Book 75, Page 533, in the Madison County Clerk's Office.

    d) Notice of Judgment Lien on Real Estate in favor of Capital One Bank (USA), NA recorded April 15, 2013, in Lis Pendens Book 77, Page 657, in the Madison County Clerk's Office.

Such liens, with the exception of mortgage liens, shall remain in full force and effect against any other real property which the Defendant owns or may acquire in the future.

    6) That the United States Department of Agriculture, Rural Development, is hereby authorized and directed to offer the Property for sale at public auction. The sale shall be conducted within Madison County, Kentucky. Rural Development shall advertise the sale by causing a notice of sale, containing the time and place of the sale, a description of the Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Madison County. Rural Development shall pay the expenses of such advertising, and shall be reimbursed upon distribution of

sale proceeds. Prior to the sale, Rural Development shall have the Property appraised by a certified/licensed appraiser who shall be duly sworn by law before entering upon such duties. Rural Development shall pay the customary fee for the appraisal, and shall be reimbursed upon distribution of the sale proceeds. Neither the appraiser nor anyone acting on his or her behalf may make a bid to purchase the Property. Should the purchase price for the Property be less than two-thirds of its appraised value, the United States Marshal's deed conveying the Property to the purchaser shall contain a lien in favor of the Defendant herein who are the record, chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Upon the sale of the Property, the successful bidder may pay to the United States Marshal for the Eastern District of Kentucky the purchase price or upon a credit of 60 days. At the sale, no bid (except as to Rural Development and the other secured parties to this action who may credit bid against their judgments herein) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 10% of the amount of the purchase price. The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or bank letter of credit may be reasonably waived by the attorney for the United States. The

successful bidder(s) must tender the balance of the purchase price to the Lexington office of the United States Marshal within 60 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as part of the proceeds of the sale; whereupon the Property shall again be offered for sale in compliance with this Judgment.

7) That the sale of the Property shall be subject to confirmation by this Court. As soon as practicable following the sale, Rural Development shall cause to be filed of record herein a Report of Sale. The Report of Sale shall set forth the times and place of the sale, the appraised value of the Property, the purchase price, the identity and addresses of the purchasers, a statement of how the purchasers wish to take title to the Property, and the advertising, appraisal and other expenses of the sale incurred by Rural Development. The Report of Sale shall lay over for objections and exceptions for ten days after the filing of the Report. After the Report has laid over for ten days, the United States shall file a motion herein for confirmation of the sale and for entry of an order directing the United States Marshal to execute a deed of conveyance for the Property to the purchaser. The attorney for the United States shall prepare the Marshal's deed. The United States Marshal is not required to generally

warrant title to the Property, and in no event shall the Marshal be personally obligated in any manner whatsoever. The Marshal shall tender the deed to the Court for approval and endorsement. The Marshal shall not deliver or cause delivery of the deed to the purchaser of the Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price has been paid in full to the Marshal. Following confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the United States shall file of record herein a motion for distribution of the sale proceeds, and to have this action stricken from the Court's active docket.

    8) That the proceeds of the sale of the Property shall be subjected first to the payment of the costs of this action and the sale, then toward satisfaction of the Plaintiff's Judgment against the Defendants, and thereafter as this Court shall direct.

    9) That in order to conduct the foreclosure sale of the Property, the United States shall have possession of the Property. Any persons now possessing or occupying the Property shall make the same available for inspection upon reasonable notice by the United States, and all such persons now possessing or occupying the Property shall completely move out of the Property no later than 30 days from the date of entry of this Judgment. Should any such person fail to move out of the Property in compliance with

this Judgment, the United States shall, upon motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property. Upon request of Rural Development or the attorney for the United States, the United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform any and all acts which may be reasonably required to protect the Property and to maintain the peace at the sale of the Property or at the eviction of persons who fail to comply with this Judgment.

10) That this action is now continued for confirmation of the sale of the Property, distribution of the sales proceeds, and for such further orders and judgments as may be necessary.

This the 6th day of November, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge